# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

               Plaintiff,

v.                                                    **ORDER**
                                                      Criminal No. 12-185(2) ADM/FLN
Jerry Anthony Harvey,                                 Civil No. 16-1852 ADM

               Defendant.
_____

Thomas M. Hollenhorst, Esq., Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Jerry Anthony Harvey, *pro se*.
_____

      This matter is before the undersigned United States District Judge pursuant to Jerry Anthony Harvey's pro se Motion to Vacate under 28 U.S.C. § 2255 ("2255 Motion") [Criminal Docket No. 353].[1]  Harvey originally filed the motion as a request for authorization from the Eighth Circuit Court of Appeals to bring a second or successive 2255 motion.  Because Harvey has not previously filed a 2255 motion, the Eighth Circuit transferred the request to this Court for consideration as a first 2255 motion.  See J. USCA [Docket No. 351].  Harvey subsequently sent a letter [Docket No. 357] to the Court requesting that counsel be appointed to represent him. For the reasons stated below, Harvey's 2255 Motion and request for appointment of counsel are denied.

      On April 9, 2013, Harvey pleaded guilty to count two in the Second Superseding Indictment [Docket No. 217], which charged him with aiding and abetting the distribution of heroin.  On August 29, 2013, he was sentenced to a term of imprisonment of 90 months, which

---

[1] All docket citations are to the Criminal Docket.

was significantly less than the guideline range of 151 to 188 months.  <u>See</u> Statement of Reasons [Docket No. 296].

In the 2255 Motion, Harvey challenges his sentence in light of the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551, 2563 (2015), striking down the residual clause of the Armed Career Criminal Act ("ACCA") as being unconstitutionally vague.[2]

He claims that his sentence was based in part on the residual clause of the career offender enhancement of the United States Sentencing Guidelines ("USSG"), which he contends is also constitutionally defective.

Three obstacles stand in the way of the relief Harvey seeks.  First, Harvey procedurally defaulted his claim.  "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent."  <u>Lindsey v. United States</u>, 615 F.3d 998, 1000 (8th Cir. 2010) (quoting <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998)).  Harvey did not challenge his designation as a career offender or the length of his sentence in a direct appeal.  To the contrary, as part of his plea agreement he waived his right to appeal his sentence unless it included a term of imprisonment greater than 188 months.  Plea [Docket No. 255] § 10.  Under these circumstances, Harvey can proceed with his 2255 Motion only if he can demonstrate either (a) cause for failing to raise the claim on appeal and actual prejudice or (b) actual innocence.  <u>See</u> <u>Lindsey</u>, 615 F.3d at 1000.  Harvey has not demonstrated either one, so his 2255 Motion is procedurally barred.

---

[2] The Supreme Court recently held that <u>Johnson</u> announced a substantive rule that applies retroactively to cases on collateral review.  <u>Welch v. United States</u>, 136 S. Ct. 1257, 1265 (2016).

Second, it is not clear that <u>Johnson</u> provides a basis for challenging a sentence based on the residual clause of the career offender enhancement, USSG § 4B1.2(a)(2).  <u>Johnson</u> addressed only the ACCA's residual clause, but USSG § 4B1.2(a)(2) does contain similar language.  The Eighth Circuit has previously denied authorization for a 2255 motion seeking to apply <u>Johnson</u> to the USSG, <u>Richardson v. United States</u>, 623 F. App'x 841, 842 (8th Cir. 2015), but left open the possibility that such a claim could be cognizable.  <u>James v. Zych</u>, No. 15-3633, 2016 WL 29259, at *1 (D. Minn. Jan. 4, 2016).  The Supreme Court recently agreed to review this issue and may provide a definitive answer.  <u>Beckles v. United States</u>, 616 F. App'x 415 (11th Cir. 2015), <u>cert. granted</u>, --- S. Ct. ----, 2016 WL 1029080 (June 27, 2016).

Third, Harvey's career offender enhancement was not based on the residual clause of USSG § 4B1.2(a)(2).  The predicate offenses supporting the career offender enhancement are Harvey's convictions for (1) possession with intent to deliver less than 50 grams of a controlled substance and (2) carjacking.  These offenses fall under the controlled substance clause, USSG § 4B1.2(b), and force clause, USSG § 4B1.2(a)(1), respectively.  <u>See</u> <u>United States v. Stokes</u>, 750 F.3d 767, 769–70 (8th Cir. 2014) (assuming without deciding that a conviction under the same Michigan law applicable to Harvey's controlled substance conviction consituted a predicate offense under USSG § 4B1.2(b)); <u>United States v. Mathijssen</u>, 406 F.3d 496, 500 (8th Cir. 2005) (holding that a California carjacking offense, which is substantially similar to the Michigan offense of which Harvey was convicted, is a predicate offense under USSG § 4B1.2(a)(1)).  Thus, even if <u>Johnson</u> is applied to strike down the residual clause of USSG § 4B1.2(a)(2), there still would be a valid basis for Harvey's career offender enhancement.

Because Harvey has not made a substantial showing of the denial of a constitutional

3

right, and it is unlikely that another court would decide the issues raised in this 2255 Motion differently or that any of the issues raised in Harvey's petition would be debatable among reasonable jurists, Harvey is not entitled to a certificate of appealability.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Jerry Anthony Harvey's pro se Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 353] and request for appointment of counsel are **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  July 11, 2016.